UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRYAN JACOB, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO. 08-3795** |
| **BARRIERE CONSTRUCTION COMPANY, LLC, HARD ROCK CONSTRUCTION COMPANY, SCOTTSDALE INSURANCE COMPANY** | * * * * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Motion to Dismiss for Insufficiency of Service of Process of Fourth Amended Complaint and Severance filed by Defendants Barriere Construction Company, L.L.C., Hard Rock Construction Company and Scottsdale Insurance Company (Rec. Doc. No. 7). For the following reasons the Motion is DENIED.

**I.       BACKGROUND**

In 2004, Kianna Williams and numerous other Plaintiffs filed suit against multiple Defendants for damages resulting from nine separate incidents involving the alleged release of chemicals and toxic vapors into the air. These incidents occurred on different dates and at different locations within the Parish of Orleans: first, an alleged rupture of a natural gas line on December 8, 2003, at North Dorgenois Street and Annette Street; second, a possible rupture of a gas line on January 1, 2004, at an unspecified location; third, a possible rupture of a gas line on January 15, 2004, at an unspecified location; fourth, a possible rupture of a gas line on January 26, 2004, at an unspecified location; fifth, a possible rupture of a gas line on February 2, 2004, at an unspecified location; sixth, a possible rupture of a gas line on March 1, 2004, at an unspecified location; seventh, a possible rupture of a gas line on March 15, 2004, at an

unspecified location; eighth, an alleged rupture of a natural gas line on August 6, 2004, at Law Street and Dillon Street; and ninth, an alleged tanker truck spill and/or leak on August 18 and/or 19, 2004, in the Algiers neighborhood of New Orleans.

Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans on December 7, 2004. The petition was captioned "Class Action Petition for Damages," and the petition defined the class as "persons located or residing in the Parish of Orleans and/or within a five (5) mile radius of the incident locations[.]"[1] While the case was pending in the state court, the state court entered an order granting Defendants Barriere Construction Company, Hard Rock Construction Company and Scottsdale Insurance's exceptions of vagueness. In addition, the court required Plaintiffs' counsel to separate his actions within sixty (60) days. Instead of complying with the state court's order, the Plaintiffs filed their Second Amended Complaint which contained multiple case captions within one document. The Plaintiffs, in their Second Amended Complaint, added claims against Transport Service Company of Illinois ("Transport"). On June 25, 2007, Transport, an Illinois corporation with its principal place of business in Illinois, removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). On May 5, 2008, this Court ordered Plaintiffs' counsel to separate the actions and file separate complaints for each of the purported class actions.[2]

On June 20, 2008, counsel filed amended complaints in each of the purported class actions. Each new suit was assigned a new case number. The instant case involves Plaintiffs Bryan Jacob, Wanda Jacob, Richard Daliet, Ronald Williams, James Trotter, Antoinette Dabney,

---

[1] Rec. Doc. No. 1.

[2] *See* Rec. Doc. No. 37 in Case 2:07-cv-3597-EEF-KWR.

Mary Duplessis, Barret Duplessis, Gail Lewis, Kent Kendrick, Ann Mae Brooks Willis and all others similarly situated complainants.

## II. PRESENT MOTION

On February 16, 2009, the Defendants filed a motion to dismiss for insufficient service of process.[3] On June 20, 2008, after the Court ordered the severance of Plaintiffs' claims, Plaintiffs filed a new suit involving Plaintiffs that were not named in the original case. The Court issued summons on June 30, 2008, but the Plaintiffs failed to effect service on the Defendants. Defendants assert that no service has been effected on any Defendant up to the date of the filing of the instant motion. The Defendants argue that, because the Plaintiffs failed to serve Defendants within the 120 days required by Federal Rule of Civil Procedure 4(m), the Court must dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5). In the alternative, Defendants argue that the case should be dismissed because they were never served with the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 5.

In response, the Plaintiffs argue that the motion should be denied and the Court should grant an extension pursuant to Federal Rule of Civil Procedure 4. The Plaintiffs argue they have good cause for an extension because the failure to provide sufficient service was not due to negligence, but rather due to counsel's misunderstanding of the severance order which was susceptible to two plausible interpretations. If the Court finds good cause is lacking, Plaintiffs urge the Court to use its discretion to grant an extension because the misinterpretation was an honest mistake and otherwise the action will be barred from refiling under the statute of limitations. Further, Plaintiffs assert that on February 26, 2009, service of process was mailed to

---

[3]*See* Rec. Doc. No. 7.

all Defendants in the instant suit. Accordingly, Plaintiffs argue that the Motion to Dismiss should be denied.

The Defendants have filed a reply to Plaintiffs' response memorandum, and allege that the order was clear and that the Plaintiffs had ample time to cure the defects in their filings. The Defendants claim they learned of this suit from the PACER system, and reassert that the Plaintiffs' claims should be dismissed.

### III.     LAW & ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to dismiss a civil action for insufficiency of service of process. Fed.R.Civ.P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994), cert. denied, 513 U.S. 1016, 115 S.Ct. 577, 130 L.Ed.2d 492 (1994) ("A district court ... has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

Federal Rule of Civil Procedure 4(m) requires the dismissal of an action against a defendant who has not been served within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(m). If a plaintiff shows "good cause," the court must extend the time for service. *Id.* To establish "good cause," a plaintiff must "'demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'" *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable

4

basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Plaintiffs, as the serving parties, bear the burden of proving the validity of service or good cause for failure timely to serve. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980). "Morever, even if good cause is lacking, the court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 Fed. Appx. 146 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

Legitimate confusion about the service process constitutes good cause. "'Good cause' for delay longer than 120 days generally means that . . . plaintiff was confused about the requirements of service." *See Ramos-Santoya v. Insurance Co. of Pen.*, 2009 WL 910816, *4 (E.D. Cal. Apr. 2, 2009). An extension of the deadline for service may be warranted when plaintiffs acted reasonably and in good faith and defendants had actual notice of the litigation. *In re Motel 6 Securities Litigation*, 1995 WL 649930, *1 (S.D.N.Y. Nov. 6, 1995)("determination of good cause under Rule 4 is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'") (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)). The mere fact that defendants had actual notice, however, is no substitute for service. *T.R. Hoover Community Dev. Corp. v. City of Dallas*, 2008 WL 2604818, *2 (N.D. Tex. July 2, 2008).

The Plaintiffs contend that they mistakenly believed that there was no need to serve the summons and Fourth Amended Complaint on the Defendants in the instant suit. Plaintiffs' counsel believed that each Defendant had already appeared in the master case, based on the

5

docket report of this Court's electronic filing system. Plaintiffs' counsel asserts that language in the severance order led him to believe that the Defendants and their counsel in the instant suit need not be served.

In the instant case, the severance order stated, "IT IS FURTHER ORDERED that Plaintiffs shall serve each new amended complaint and summons with a copy of the original complaint, notice of removal and a copy of this Order on opposing counsel and on each Defendant not yet having appeared in the litigation."[4] Plaintiffs read this Court's order to mean that they were only required to serve process on those parties that had yet to appear. As the order could have been read to indicate that Plaintiffs must serve *all* counsel in addition to defendants that had yet to appear, or that Plaintiffs must serve only all counsel *and* defendants that had yet to appear, this ambiguous order gave rise to legitimate confusion on Plaintiffs' part.

Additionally, Defendants had actual notice of the litigation under previous docket number 2:07-cv-03597-EEF-KWR. Defendants' counsel moved to appear as counsel of record on July 9, 2007.[5] The severance order was issued at this Court's discretion as a means of effecting judicial economy, and although it could have been construed to require that Defendants be served by the Plaintiffs separately after the severance, the order was ambiguous and there was no reason for Defendants to believe they would not still have been a part of this litigation. Service of process was mailed to all Defendants as of February 26, 2009. Defendants were not prejudiced such that dismissal would be warranted.

---

[4]*See* Rec. Doc. No. 37 in Case 2:07-cv-3597-EEF-KWR.

[5]Louisiana courts consider moving to enroll counsel of record as appearing in the litigation. *See Glass v. Alton Ochsner Med. Found.*, 832 So.2d 403, 410 (La.App. 4 Cir. 2002).

The Court further notes the complexity of the litigation. This is a case originally involving fifty-eight plaintiffs and nine defendants, removed from state court, and severed into six different cases. Accordingly, the Court finds that good cause exists such that an extension is warranted.

Although dismissal is not unwarranted simply because prescription has run, the Court further notes that the facts of this case warrant the Court's exercise of its discretion to permit an extension of time for service to be effected. *Newby*, 284 Fed. App'x at 150. At this point, Plaintiffs would be severely prejudiced if their complaint is dismissed, as their claims would be time-barred. Granting the Defendants' motion at this stage would be akin to dismissing the action with prejudice, which "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). The Court declines to impose such a severe sanction as a result of counsel's justifiable mistake. In light of the unusual circumstances of this action, combined with Plaintiffs demonstration of good cause for failing to serve Defendants, the Court finds that dismissal would be inappropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss for Insufficiency of Service of Process of Fourth Amended Complaint and Severance (Rec. Doc. No. 7) be and is hereby DENIED.

New Orleans, Louisiana, this 30th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE